JUDGE BATTS                          07 CV 6302

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ISAAC GENUTH,                                    07 Civ.

            Plaintiff,                       **COMPLAINT**

    -against-                                **JURY TRIAL DEMANDED**

UNUM PROVIDENT CORPORATION and
THE PAUL REVERE LIFE INSURANCE COMPANY,

            Defendants.

                                                   JUL 10 2007
------------------------------------------------------------------x

        Plaintiff, by his attorneys, Jaroslawicz & Jaros, LLC, complaining of the defendants alleges as follows:

### THE PARTIES

1.    At all times hereinafter mentioned, the plaintiff is a citizen of the State of New York.

2.    At all times hereinafter mentioned, the defendant Unum Provident Corporation ("Unum"), is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Massachusetts, authorized to do business in the State of New York, and doing business in the State of New York.

3.    At all times hereinafter mentioned, the defendant Unum's principal place of business was in the State of Massachusetts.

4.    At all times hereinafter mentioned, the defendant The Paul Revere Life Insurance Company ("Paul Revere") is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Massachusetts, authorized to do business in the State of New York, and doing business in the State of New York.

5.    At all times hereinafter mentioned, the defendant Paul Revere's principal place of business was in the State of Massachusetts.

## JURISDICTION AND VENUE

6. That the amount in controversy exceeds the sum of $100,000, exclusive of interest and costs.

7. That this Court has jurisdiction over the parties by reason of diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. 1332.

8. Venue is properly placed in the United States District Court for the Southern District of New York since the plaintiff resides herein, the defendants do business here, the witnesses are located here, and this is the most convenient place for the trial of this action.

## THE UNDERLYING FACTS

9. Plaintiff was born on December 25, 1959.

10. At all times hereinafter mentioned, plaintiff was employed as the marketing director of a jewelry company.

11. For many years, since approximately 1985, plaintiff has maintained certain disability policies with the defendants, including policy numbers H3-032-909 and H2-724-950.

12. On or about August 25, 2003, plaintiff – in the scope of his employment – was robbed of jewelry and shot several times at close range.

13. Among other things, the plaintiff suffered a gunshot wound to his left elbow with swelling and scarring around the ulnar nerve; plaintiff required surgery; plaintiff has pain in his hand and his fingers freeze up; plaintiff has great difficulty carrying a briefcase or sample case.

14. Due to his disability, plaintiff is unable to drive an automobile and cannot work as a jewelry or diamond salesman.

15. Plaintiff's disability has been confirmed by Dr. Andrew J. Weiland, an orthopedist specializing in surgery of the hand, wrist, elbow and shoulder and the Hospital for Special Surgery; see report dated April 25, 2007 (Exhibit A).

16. Plaintiff also suffers severe emotional distress as a result of the robbery and suffers from post traumatic stress disorder; see report of William Ballen, LCSW, psychotherapist, dated May 3, 2007 (Exhibit B).

17. The defendants thereafter paid the plaintiff disability benefits until approximately the end of October, 2004 and thereafter failed to make any further payments.

18. Defendants have been made aware of plaintiff's disability and the reasons he can no longer work in his profession, but they have refused to make payment pursuant to the terms of the policy which it is believed provides for payments up to at least the age of seventy-five and plaintiff is currently approximately forty-seven years of age.

19. Plaintiff paid substantial premiums for his supposedly advantageous disability policies.

20. The policies specifically provided that plaintiff was entitled to receive benefits and payments if he was unable to work in his chosen profession.

21. Defendants, without cause or justification, have now refused to pay plaintiff his benefits since the end of October, 2004.

## AS AND FOR A FIRST CLAIM FOR RELIEF

22. The defendants have breached their contracts of insurance with the plaintiff by refusing to make payments to him under the terms of his disability policies.

23. By reason of the of the defendants' breach of contract, plaintiff is entitled to recover all of the proceeds due to him under the policies including past premiums paid under the policy, to have future premiums waived, as well as to have the Court and a jury establish what future benefits are due

and to have them paid to the plaintiff so that plaintiff need be in a continuous battle the defendants to obtain his benefits.

24. Plaintiff is also entitled to recover all consequential damages suffered as a result of the defendants' failure to pay plaintiff pursuant to the terms of the policies, including his mental anguish, inconvenience, inability to proceed with his lifestyle, loss of business, and any other consequential damages caused by the defendants' wrongful refusal to pay plaintiff under the terms of the policies, that are legally permitted to be recovered by law.

25. By reason of the foregoing, defendants are jointly and severally liable pursuant to the exceptions set forth in the CPLR.

26. By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendants.

## AS AND FOR A SECOND CLAIM FOR RELIEF

27. Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

28. The defendants have entered into a scheme to defraud the public and the plaintiff with respect to the sale of disability insurance.

29. The defendants issue disability policies for which they collect substantial premiums, particularly those policies such as the ones sold to the plaintiff, that he must be able to follow his own occupation or disability benefits will be paid, then, when the insured makes a legitimate claim under the terms of the policy, the defendants refuse to make a decision as to when payments should be made, make some payments, and then stop or refuse to make any further payments at all.

30. Unum had had a policy of issuing bonuses to those representatives who figure out a way to deny valid claims and/or could delay the claim for as long as possible.

31. The fraud reached such proportions that various commissioners of insurance have brought claims against Unum to compel Unum to change its policies as to how payments are made and reviewed.

32. The defendants' conduct violates §349 of the General Business Law of the State of New York and constitutes a fraud upon the plaintiff and the public.

33. By reason of the defendants' fraudulent conduct in violation of §349 of the General Business Law, plaintiff has been damaged as set forth above.

34. By reason of the foregoing, defendants are jointly and severally liable pursuant to the exceptions set forth in the CPLR.

35. By reason of the defendants' fraudulent conduct, plaintiff is entitled to recover all of his damages from the defendants, including actual damages, punitive damages, treble damages and attorneys' fees.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, for all damages properly recoverable in an action of this nature, all together with the costs and disbursements of this action.

JAROSLAWICZ & JAROS, LLC
Attorneys for Plaintiff(s)
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
David Jaroslawicz (DJ-6931)

HOSPITAL FOR SPECIAL SURGERY



**Andrew J. Weiland, MD**
Professor of Orthopaedic and Plastic Surgery
Cornell University Medical College

Surgery of the Hand, Wrist, Elbow and Shoulder

535 East 70th Street
New York, NY 10021

Tel (212) 606.1575
Fax (212) 535.0426
email: weilanda@hss.edu

April 25, 2007

ISAAC GENUTH

Isaac returns after a long absence. He was last seen on 3/30/05. It should be recalled that he was treated for a gunshot wound to his left elbow that entered and exited medially. He had a considerable amount of scarring and hematoma around the ulnar nerve. He underwent surgery which was exploration and neurolysis of the ulnar nerve at the medial aspect of his left elbow.

He has significant problems with his LUE. Although he has regained full ROM of his left elbow and hand, he has persistent hypesthesias and dysesthesias in the sensory nerve distribution and describes pain in his 4th and 5th fingers as "freezing up". He has had complete return of his intrinsic muscles, however. Because of the dysesthesias and freezing up of his left hand, he is unable to drive an automobile. This precludes him from returning to his previous employment as a diamond salesman. He also has significant difficulty carrying his briefcase.

Andrew J. Weiland, M.D.

AJW:lb

# WILLIAM BALLEN, LCSW, PC

PSYCHOTHERAPIST
6 CRABAPPLE COURT
MONSEY, NEW YORK 10952
ZBALLEN@OPTONLINE.NET
PHONE (845) 362-8600
FAX. (845) 290-1940
LICENSE - R020393

---

May 3, 2007

To Whom It May Concern,

Mr. Isaac Genuth was seen on May 3, 2007 for a psychosocial evaluation pursuant to his application for benefits. He presents with classical symptoms of post-traumatic stress disorder which have resulted from his having been shot at close range in the chest and left elbow and robbed of approximately one million dollars worth of jewelry on August 25, 2003. The unexpected violent attack took place at 8:10am. At that time, Mr. Genuth was coming out of a store with his bag of jewels when a white van approached; two masked men came out of the van and demanded the jewels. After Mr. Genuth gave the bag to one of the men, the man raised his gun and pulled the trigger. This extremely traumatic stressor came after approximately 30 years of working in the jewelry business without incident.

Mr. Genuth has received extensive surgery which has not restored normal function to his hand which is constantly numb and no longer capable of a full range of motion. Even more incapacitating, to him, have been the: intense fears, panic, flashbacks, feelings of helplessness, horrifying nightmares, depressed mood, and impaired memory - that continue to cause clinically significant impairment to his personal, social and occupational functioning.

Prior to this traumatic event, Mr. Genuth, was a high-functioning very successful businessman, who was very active in community and charitable affairs. He traveled frequently on business, often carrying millions of dollars of merchandise with him. However, since being shot and robbed, not only did Mr. Genuth lose approximately one million dollars, but he lost his ability to travel with and carry merchandise of any value. Ultimately, he has lost his long-established clientele. His exposure to this highly traumatic event from which he miraculous survived, has never-the-less left him a shell of what he once was. He reportedly has panic and flashbacks every time he sees a white van — even at a distance; he frequently awakens at night from recurrent nightmares in which

EXHIBIT B

he re-lives the horrifying memories; and he suffers from a diminished interest and pleasure from his life which leads to suicidal thoughts such as, "it would have been better if I would have just died". A once vital and vibrant person, his life is now characterized by diminished interest in everything that he once found pleasurable. He describes himself as "much moodier, and depressed" In addition, he states that his memory is "blocked" because "I'm always trying to block out the robbery". Although, he has attempted to utilize his religious beliefs to cope with this ordeal, he still meets the diagnostic criteria for Posttraumatic Stress Disorder. It is recommended that he receive the financial and medical assistance which he deserves which should include the provision of intensive psychotherapy for his condition. Please feel free to call me if I can be of further assistance in this matter.

Sincerely Yours,

*William Ballen, LCSW*

William Ballen, LCSW
Psychotherapist

07 Civ.
UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAAC GENUTH,

        Plaintiff,

-against-

UNUM PROVIDENT CORPORATION and
THE PAUL REVERE LIFE INSURANCE COMPANY,

        Defendants.

## Summons & Complaint
## Jury Trial Demanded

Law Offices of
Jaroslawicz & Jaros, LLC
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

To: