**WHITE AND WILLIAMS LLP**
One Penn Plaza
18th Floor, Suite 1801
New York, New York 10119
Attorneys for Defendants,
Unum Provident Corporation and The Paul Revere Life Insurance Company

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| ISAAC GENUTH, | :  07 CV 6302 (DAB) |
| | : |
| Plaintiff, | :  ANSWER, AFFIRMATIVE |
| | :  DEFENSES AND JURY DEMAND |
| v. | : |
| | : |
| UNUM PROVIDENT CORPORATION and THE | : |
| PAUL REVERE LIFE INSURANCE COMPANY, | : |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendants UnumProvident Corporation (k/n/a Unum Group) ("Unum") and The Paul Revere Life Insurance Company ("Paul Revere") (hereinafter collectively known as "defendants"), by and through their attorneys White and Williams LLP, hereby provides the following Answer to plaintiff's Complaint filed in the within action:

## THE PARTIES

1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.    Defendants deny that Unum is organized and existing under the laws of the Commonwealth of Massachusetts but admit that Unum is a foreign corporation authorized and doing business in the State of New York

3.    Defendants admit that Unum has a place of business in the Commonwealth of Massachusetts but denies that it maintains a principal place of business in that location.

4.      Defendants admit the allegations contained in paragraph 4 of the Complaint.

5.      Defendants admit the allegations contained in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Defendants admit that plaintiff alleges that the amount in controversy exceeds the sum of $100,000.00 but leaves plaintiff to his proofs thereon.

7.      Defendants admit that plaintiff alleges jurisdiction pursuant to 28 U.S.C. § 1332, but denies the remaining allegations contained in paragraph 7 of the Complaint, leaving plaintiff to his proofs thereon.

8.      Defendants admit that plaintiff alleges that venue is proper but denies the remaining allegations contained in paragraph 8 of the Complaint, leaving plaintiff to his proofs thereon.

## THE UNDERLYING FACTS

9.      Defendants admit that plaintiff represents that he was born on December 25, 1959.

10.     Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.     Defendants admit that plaintiff was issued by New York Life Insurance Company two (2) disability policies number H3-032-909 and H2-724-950.

12.     Defendants admit that plaintiff alleges that the incident giving rise to the disability occurred on August 25, 2003 and leaves plaintiff to his proofs thereon.

13.     Defendants admit that plaintiff alleges that he was shot on August 25, 2003 in the left elbow.   Defendants deny the remaining allegations contained in paragraph 13 of the Complaint, leaving plaintiff to his proofs thereon.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendants deny that plaintiff is disabled as that term is defined by the policies. By way of further answer, Defendants admit that plaintiff attached a report by Dr. Andrew J. Whelan and refers plaintiff to the report as the written documents speaks for itself and not otherwise and leaves plaintiff to his proofs thereon.

16.     Defendants deny that plaintiff is disabled as that term is defined by the policies. By way of further answer, Defendants admit that plaintiff attached a report by William Ballen, LCSW and refers plaintiff to the report as the written documents speaks for itself and not otherwise and leaves plaintiff to his proofs thereon.

17.     Defendants admit that benefits were ceased due to the fact that plaintiff was no longer disabled pursuant to the terms and conditions of the New York Life policies.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint. By way of further answer, the policies are written documents which speak for themselves and not otherwise.

19.     Defendants admit that plaintiff paid premiums but deny the remaining allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint. By way of further answer, the policies are written documents which speak for themselves and not otherwise.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

## AS AND FOR A FIRST CLAIM FOR RELIEF

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

NYCDMS 24747v.1

## AS AND FOR A SECOND CLAIM FOR RELIEF

27.     Defendants repeat and reiterate each and every answer to the allegations contained in paragraphs 1 through 26 of the Complaint as if same were fully set forth at length herein.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

**WHEREFORE,** Defendants demand judgment in their favor and against plaintiff dismissing the Complaint and awarding defendants costs, fees, expenses, attorney's fees and such other and further relief as this Court deems just and proper.

NYCDMS 24747v.1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's relief is barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for relief is barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim and demand for damages are precluded and barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSES

Defendants has not breached any duty owed to plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendants acted in accordance with all the contractual terms and conditions set forth in the policies.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not and was not totally disabled pursuant to the terms and conditions of the disability insurance policies at issue.

## EIGHTH AFFIRMATIVE DEFENSE

The termination of benefits under the policies was in accord with good and accepted claims practices and pursuant to the express and implied terms and conditions of said policies.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff can perform the substantial and material duties of his regular job.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is working at another gainful job.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to total disability benefits pursuant to the New York Life policies that were issued to him.

## TWELFTH AFFIRMATIVE DEFENSE

The United States District Court for the Southern District of New York is not a proper forum for this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a determination that he receive future long-term disability benefits.

NYCDMS 24747v.1

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no privities of contract with Unum or Paul Revere and thus no cause of action against them.

## SIXTEENTH AFFIRMATIVE DEFENSE

The denial of plaintiff's claim under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and thus constitutes a complete defense to the within cause of action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is entitled to bad faith damages in an insurance contract dispute as defendants acted in accordance with the express and implied terms and conditions of the policies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages in an insurance contract dispute as defendants have acted in accordance with the express and implied terms and conditions of the policies.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails to state a cause of action under General Business Law § 349.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a cause of action or any allegations that defendants acted in a deceptive manner.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a cause of action under General Business Law  § 349 in that it does not set forth defendants' conduct was "consumer oriented".

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's allegation under the General Business Law § 349 is barred as a matter of law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint and claims for relief are barred by failing to name an indispensable party to this action.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, defendants hereby demand a trial by jury as to all issues so triable.

Dated: September 20, 2007

Respectfully submitted,
WHITE AND WILLIAMS LLP
Attorneys for defendants

By: _/S/ Andrew I. Hamelsky_____
ANDREW I. HAMELSKY (AH-6643)
One Penn Plaza
Eighteenth Floor, Suite 1801
New York, New York 10119
(212) 244-9500

NYCDMS 24747v.1